HERRMAN BROTHERS & COMPANY *v.* WATSON ET AL

[71 South. 375.]

PRINCIPAL AND AGENT. *Undisclosed agency. Liability of agent.*

> Under Code 1906, section 4784, providing that if a person shall transact business as a trader with the addition of the words agent, factor, and company, or & Co. or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without such addition, all the property, stock, money, and choses in action acquired in the business shall be treated in favor of his creditors as his property, when a father who was the owner of a store house in which a mercantile business was conducted, purchased goods and placed his son in charge and no sign was placed on the store house, and an account was carried at the bank under the name of the son as manager; and checks were drawn by the son on such account as manager, in such case, as the son ordered goods in his own name as manager, and transacted the business generally, the property connected with such business was subject to the son's debts.

APPEAL from the circuit court of Holmes county.
Hon. MONROE McCLURG, Judge.

Suit by Herrman Brothers & Company against J. R. Watson, Jr.; execution was levied on property as be-

longing to J. R. Watson, Jr., and it was claimed by J. R. Watson. From a judgment for claimant, plaintiff appeals.

Section 4784 of the Code of 1906, referred to in the opinion, is as follows:

Business Sign, and What to Contain.—If a person shall transact business as a trader or otherwise, with the addition of the words "agent," "factor," "and company," or "& Co.," or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.

*D. T. Ruff* and *H. H. Johnson,* for appellant.

SYKES, J., delivered the opinion of the court.

On the 21st day of October, 1912, execution was issued by the circuit clerk of Holmes county on an enrolled judgment in favor of Herrman Bros. & Co., appellants here, against J. R. Watson, Jr., for the sum of sixty-eight dollars and fifty cents and interest. Under this execution a levy was made on a certain stock of goods where J. R. Watson, Jr., had his place of business. The appellee here, J. R. Watson, made a claimant's affidavit to the goods and issue was joined upon the same. From a judgment in favor of the claimant J. R. Watson, this appeal is prosecuted.

The question for decision of this court is whether or not these goods were liable to be seized under section 4784 of the Code of 1906. The uncontradicted facts in the case, in brief, are as follows: The appellee J. R. Watson was the owner of the storehouse in which the mercantile business was conducted. He purchased the

goods when the business started, paid the insurance and taxes upon same, and turned the business over to J. R. Watson, Jr., to be managed and controlled by him. There was no sign placed on said storehouse. An account was carried at a bank under the name of "J. R. Watson, Jr., Manager." Checks to defray the expense of the business were drawn by J. R. Watson, Jr., as manager, on this account. J. R. Watson, Jr., was manager at this place of business, bought goods for the business after the same was started, and, in short, attended to all of the affairs of the said business. One or two of the houses from whom he bought goods are shown to have charged the goods to the real owner, J. R. Watson. These firms, however, shipped any goods ordered by J. R. Watson, Jr. Advertisements of this business were printed and circulated by J. R. Watson, Jr., signed "J. R. Watson, Jr., Manager Store, South Lexington." There was never any accounting between J. R. Watson and J. R. Watson, Jr., of profits or losses arising from this business. The testimony is silent as to whether or not J. R. Watson, Jr., received any stated salary from his father as manager of the store. J. R. Watson never participated in the transaction of the business of the said store, and, so far as the record shows, never even visited the store. In fact, the testimony in this case shows that, after the purchase of the stock of goods, the same was turned over to J. R. Watson, Jr., to manage and control as he saw fit. He was the sole and active manager of the business, and, so far as the outside world was concerned, he was the ostensible owner of the same. This being true, we hold, as a matter of law, that he transacted the business of the concern as a trader, in his name, with the addition of the word "manager," and failed to disclose the name of his principal by a sign in letters easy to read placed conspicuously at the house where such business was transacted, coming squarely within section 4784, Code 1906.

"A sign which shall proclaim the real owner is required where one owns and another conducts the business, so that the public may be informed how matters are." *Hamblet* v. *Steen*, 65 Miss. 477, 4 So. 432.

Reversed, and judgment here for appellant.

*Reversed.*